# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BARZ ADVENTURES INC. d/b/a BAR-Z MOBILE DEVELOPMENT | § § § |
| | § Civil Action No. 4:20-CV-299-ALM |
| v. | § Judge Mazzant |
| | § |
| TIMOTHY PATRICK, APP STAR, LLC, COLLEYVILLE CHAMBER OF COMMERCE, PRINCETON CHAMBER OF COMMERCE AND GREATER CELINA CHAMBER OF COMMERCE | § § § § § § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Timothy Patrick's Motion to Dismiss for Forum Non Conveniens (Dkt. #44). Having considered the Motion, briefing, and the relevant pleadings, the Court finds that Defendant's Motion to Dismiss for Forum Non Conveniens should be **DENIED**.

### BACKGROUND

**I.    Factual History**

This is a trade secret misappropriation suit regarding a mobile app for chambers of commerce. On April 3, 2017, Plaintiff BarZ Adventures Inc. d/b/a Bar-Z Mobile Development ("Bar-Z") and Defendant Timothy Patrick ("Patrick") entered into an employment agreement ("Agreement") (Dkt. #44, Exhibit A at p. 6). The Agreement was drafted by Bar-Z to hire Patrick as a new salesperson. It contained the following two provisions:

> **Arbitration and Equitable Relief**
> Arbitration. Except as provided below, I agree that any dispute or controversy arising out of or relating to any interpretation, construction, performance, or breach of this Agreement, shall be settled by arbitration to be held in Travis County in the State of Texas . . . The arbitrator may grant injunctions or other relief[.] [. . .]

> Equitable Remedies.  I agree that it would be impossible or inadequate to measure and calculate the Company's damages from any breach of the covenants set forth herein. Accordingly, I agree that if I breach any of such covenants, the Company will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach. [. . . ]

In September 2018, Bar-Z terminated Patrick's employment.

## II.     Procedural History

On March 16, 2020, Bar-Z sued Patrick and the other defendants in Collin County, Texas state district court.  Bar-Z alleges Patrick used Bar-Z's confidential information to help Patrick's subsequent employer develop a competing app.  On April 16, the case was removed to this Court (Dkt. #1).

During discovery, Bar-Z produced the Agreement.  On September 15, Patrick filed his Motion to Dismiss for Forum Non Conveniens based on the Arbitration clause (Dkt. #44).  On September 30, Bar-Z responded (Dkt. #58) and filed an amended complaint that only asserts claims for injunctive relief against Patrick (Dkt. 61).  On October 6, Patrick replied, maintaining that every claim should be dismissed (Dkt. #64).  On October 13, Bar-Z filed its Sur-Reply (Dkt. #65).

## LEGAL STANDARD

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013).  The doctrine of *forum non conveniens* "enables a court to decline to exercise its jurisdiction if the moving party establishes that the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum."  *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir. 2001).

The Court engages in a two-step analysis when the parties' contract contains a valid forum selection clause.  *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768, 770 (5th Cir. 2016).  First,

the Court determines whether the forum selection clause is mandatory or permissive. *Id.* at 768. Next the Court decides whether the forum selection clause applies to the dispute at hand, which involves two separate determinations: (1) whether the forum selection clause is valid and enforceable, and (2) whether the particular case falls within the scope of the forum selection clause. *Id.* at 773, 775-76. Forum selection clauses are presumptively valid and the party resisting enforcement bears a "heavy burden of proof." *Haynsworth v. The Corp.*, 121 F.3d 956, 962-63 (5th Cir. 1997).

## ANALYSIS

The Court finds that the forum selection clause mandates arbitration for legal remedies, but not equitable remedies. As Bar-Z amended its complaint to only request injunctive relief against Patrick, it falls outside the scope of the arbitration clause. Bar-Z may pursue such equitable relief in a federal district court. Accordingly, Patrick's Motion for Forum Non Conveniens is denied.

### I. Mandatory or Permissive Nature of Forum Selection Clause

The first step is to determine whether the forum selection clause is mandatory or permissive. A mandatory forum selection clause "affirmatively requires that litigation arising from the contract be carried out in a given forum." *Weber*, 811 F.3d at 768. Conversely, a permissive forum selection clause "is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum." *Id.* "Only mandatory clauses justify transfer or dismissal." *Id.*

The employment agreement contains two relevant provisions: "Arbitration" and "Equitable Remedies." The Court addresses each clause separately before construing them together.

The Arbitration clause provides that "any dispute . . . relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration[.]" (Dkt.

3

#44, Exhibit A at p. 9). By using "shall," the clause requires arbitration for "any" disputes arising from the agreement. At first glance, the Arbitration clause appears to require all disputes be arbitrated because of its broad scope and mandatory language. However, the Equitable Remedies clause adds nuance to this reading.

The Equitable Remedies clause provides that "if" Patrick breaches, Bar-Z "will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction." (Dkt. #44, Exhibit A at p. 9). This clause is permissive because it states Bar-Z "will have" injunctive relief available from a court "in addition to any other right or remedy available[.]" In contrast to "shall," "will have" is open-ended. Because court-ordered injunctions are "in addition to" other available remedies, the clause does not require Bar-Z pursue injunctive relief in a specific venue. Thus Bar-Z could pursue injunctive relief either in arbitration or litigation.

Read together, the clauses provide that Bar-Z must pursue legal claims in arbitration and may pursue equitable claims either in arbitration or in litigation. It is a "cardinal principle" to give effect to all provisions of a contract and render them internally consistent. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995). The Court's construction gives effect to each clause because it recognizes the mandatory arbitration language with a narrow carve-out for injunctive relief. If all claims had to be arbitrated, the language permitting equitable claims in "a court of competent jurisdiction" would be superfluous because no claims would ever be filed in district court. This reading is internally consistent because the clauses appear under a single heading ("Arbitration and Equitable Remedies"), indicating the drafter intended each provision to have a distinct, but related, impact on dispute resolution. As such, arbitration is mandatory for legal claims but permissive for equitable claims.

## II.     Patrick's Counterarguments

Patrick's counterarguments are unpersuasive.  First, Patrick argues that the Equitable Remedies clause contains a condition precedent and so court-ordered injunctive relief is only available if Patrick is first found to have breached the agreement.[1]  But this clause contemplates that injunctive relief will be available for "such breach or threatened breach"[.]  A threatened breach is one that has not happened yet.  It does not make sense to read injunctive relief conditioned on a finding of past harm when the clause contemplates both past and future harms.

Further, there is a presumption against condition precedents.  *Aery v. OGM Land Co. Ltd.*, No. 5:12-CV-68, 2013 WL 12309861, at *4 (S.D. Tex. Mar. 20, 2013); *see Criswell v. European Crossroads Shopping Ctr., Ltd.*, 792 S.W.2d 945, 948 (Tex. 1990).  Courts will not construe a condition when imposing one would create an "absurd" result.  *Criswell*, 792 S.W.2d at 948.  Patrick's reading is unnecessarily narrow because it requires Bar-Z to prevail at arbitration and then separately ask a court to issue injunctive relief—even though that arbitrator could issue the same relief.  There seems to be no advantage to overlook the arbitrator and instead pursue the same relief in district court.  It would therefore be "absurd" for the drafter to include an additional provision for no discernable reason.  *See id.*

Similarly, Patrick's second argument is also unpersuasive.  Patrick argues "the Equitable Remedies section is meant to cover temporary or preliminary injunctive relief" because the clause references security bonds,[2] which are required for temporary or preliminary injunctive relief.  This contradicts Patrick's condition precedent argument because temporary and preliminary injunctions

---

[1] Patrick focuses on the following portion of the Equitable Remedies clause: "I agree that *if* I breach any of such covenants . . ." (emphasis added)

[2] Patrick focuses on the following portion of the Equitable Remedies clause: "I further agree that no bond or other security shall be required in obtaining such equitable relief."

necessarily occur before any finding of liability. Even so, the clause's mention of bonds does not preclude permanent relief. There is no express language prohibitting permanent injunctions or otherwise limiting the available relief to a specific type of injunction. Instead, the clause is under a broad heading of "Equitable Remedies". The clause should therefore be understood as encompassing all types of injunctive relief: temporary, preliminary, and permanent.

### III. Bar-Z's Claims for Injunctive Relief May Be Brought in Federal Court

Under the employment agreement, Bar-Z may seek injunctive relief in a court of competent jurisdiction. With its Third Amended Complaint, Bar-Z only seeks injunctive relief against Patrick (Dkt. 61). In its Sur-Reply, Bar-Z "renounces any such claim for damages from Patrick for misappropriation of trade secrets." (Dkt. #65 at 3). This Court also has competent jurisdiction. As arbitration is permissive for Bar-Z's claims, the Court need not continue the analysis. The Motion to Dismiss for Forum Non Conveniens is therefore **DENIED**.

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Timothy Patrick's Motion to Dismiss for Forum Non Conveniens (Dkt. #44) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 29th day of October, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE