# The United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BARZ ADVENTURES INC. d/b/a BAR-Z MOBILE DEVELOPMENT, § § § § Plaintiff § § v. § § TIMOTHY PATRICK, APP STAR, LLC, § COLLEYVILLE CHAMBER OF § COMMERCE, PRINCETON CHAMBER § OF COMMERCE AND GREATER § CELINA CHAMBER OF COMMERCE, § § Defendants § § | Civil Action No. 4:20-cv-299 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant App Star, LLC's Motion for Partial Summary Judgment (Dkt. #42). Having considered the Motion, the Court finds it should be **DENIED**.

## BACKGROUND

This is a trade secret misappropriation case involving a mobile application designed for use by chambers of commerce. Plaintiff BarZ Adventures Inc. d/b/a/ Bar-Z Mobile Development ("Bar-Z") is a mobile application developer that creates apps for municipalities, main street organizations, nonprofit organizations, publishers, broadcasters, and specialty media. Defendant App Star, LLC ("App Star") is a company that sells mobile applications to local community groups to assist them in promoting business and attractions. Defendant Timothy Patrick ("Patrick") is a former employee of Bar-Z, who joined App Star after leaving the company. Bar-Z alleges Patrick stole its trade secrets when he left the company, and passed these trade secrets on to App Star.

Bar-Z asserts five causes of action: (1) Violation of the Texas Uniform Trade Secrets Act

(Tex. Civ. Prac. & Rem. Code §§ 134A.001, et seq.) and Federal Defend Trade Secrets Act, 18 U.S.C. §§ 1832, 1836(B)(3); (2) Breach of Employment Agreement: Non-Compete; (3) Breach of Employment Agreement: Confidential Information; (4) Tortious Interference with Employment Agreement; and (5) Breach of Fiduciary Duty (Dkt. #39). App Star asserts Bar-Z cannot show that App Star acquired any trade secret through improper means, used the alleged trade secret, or that App Star was a party to the Employment Agreement between Bar-Z and Patrick.

On September 15, 2020, App Star moved for partial summary judgment (Dkt. #42). On November 16, 2020, the Court granted a thirty-day stay of the case (Dkt. #92). On January 19, 2021, at the Court's request, the parties filed a status report (Dkt. #94). That report stated the parties were attempting to negotiate a settlement and requested an additional thirty-day stay. The Court stayed the case until February 21, 2021 (Dkt. #95). Subsequently, all defendants other than Bar-Z and Patrick settled (Dkt. #102). The Court now turns to App Star's motion for partial summary judgment (Dkt. #42). On April 19, 2021, Bar-Z responded (Dkt. #110).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden—reciting "barebones, conclusory, or otherwise-unsupported assertions" is simply insufficient. *Hassen v. Ruston Louisiana Hosp. Co., L.L.C.*, 932 F.3d 353, 355–56 (5th Cir. 2019); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). And courts are not required "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). Rather, to have a request for summary judgment dismissed, a nonmovant must show with "'significant probative evidence' that

there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). Courts must "'draw all reasonable inferences in favor of the nonmoving party' and 'refrain from making credibility determinations or weighing the evidence.'" *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

## ANALYSIS

App Star seeks summary judgment on Bar-Z's claims for trade secret misappropriation and breach of contract. App Star argues Bar-Z cannot prove misappropriation because App Star never acquired, used, or disclosed any trade secret. After a careful review of the record and the arguments presented, the Court is not convinced that App Star met its burden demonstrating that there is no material issue of fact as to Bar-Z's claim of trade secret misappropriation. Accordingly, the Court finds that the motion should be denied on this claim.

App Star also argues Bar-Z cannot prove breach of contract because App Star was never a party to any contract with Bar-Z. However, Bar-Z's live complaint asserts a breach of contract claim against Patrick, not App Star (*See* Dkt. #90 at ¶ 41). Bar-Z confirms in its response that "the breach of contract claim is only against Patrick," and not against App Star (Dkt. #110 at p. 13). As there is no breach of contract claim against App Star, the motion is denied on this claim as moot.

## CONCLUSION

It is therefore **ORDERED** that Defendant App Star, LLC's Motion for Summary Judgment (Dkt. #42) is **DENIED**.

**SIGNED this 22nd day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE