# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BARZ ADVENTURES INC. d/b/a BAR-Z MOBILE DEVELOPMENT,<br>　　　　*Plaintiff,*<br><br>v.<br><br>TIMOTHY PATRICK, et al.,<br>　　　　*Defendants.* | §<br>§<br>§　Civil Action No. 4:20-CV-299<br>§　Judge Mazzant<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment (Dkt. #141). Having considered the motion and relevant pleadings, the Court finds it should **be GRANTED in part.**

### BACKGROUND

Plaintiff BarZ Adventures Inc. d/b/a/ Bar-Z Mobile Development ("Bar-Z") is a mobile application developer that creates apps for municipalities, main street organizations, nonprofit organizations, publishers, broadcasters, and specialty media. Defendant App Star, LLC ("App Star") is a company that sells mobile applications to local community groups to assist them in promoting business and attractions.

Defendant Eugene Rice ("Rice") is App Star's owner and managing member, Defendant Timothy Patrick ("Patrick") is a former employee of Bar-Z. An employment agreement governed the terms of Patrick's employment with Bar-Z (the "Employment Agreement"). In September of 2018, Bar-Z terminated Patrick's employment, and Patrick then joined App Star.

Bar-Z alleges Patrick stole its trade secrets when he left the company and passed these trade secrets on to App Star. Bar-Z brought suit in Collin County District Court before this suit

was removed on April 10, 2020.  On July 8, 2021, the Court granted Bar-Z leave to file its Fifth Amended Complaint, joining Rice individually as a defendant (Dkt. #127).  The only remaining claims are for: (1) violation of the Texas Uniform Trade Secrets Act (TEX. CIV. PRAC. & REM. CODE § 134A.001) and Federal Defend Trade Secrets Act, 18 U.S.C. §§ 1832, 1836 (B)(3)); (2) breach of the Employment Agreement: non-compete; (3) breach of the Employment Agreement: confidential information; (4) tortious interference with the Employment Agreement; and (5) injunctive relief.

On January 28, 2022, Bar-Z—through a private process server—served Rice with summons (Dkt. #135).  Rice was required to serve an answer to the Fifth Amended Complaint within twenty-one days after being served, or by February 18, 2022.  As of this date, Rice has not served or filed any responsive pleadings.  Counsel for Bar-Z has not been able to communicate with Rice.

On February 24, 2022, Bar-Z requested the clerk enter default against Rice (Dkt. #137). On March 1, 2022, the Clerk entered default against Eugene Rice (Dkt. #139).  BarZ moved for entry of default judgment against Rice on March 10, 2022 (Dkt. #141).  Rice has not responded.

## LEGAL STANDARD

A default judgment is a "judgment on the merits that conclusively establishes the defendant's liability." *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).  It does not, however, establish the "quantity of damages" a defendant owes.  *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019).  "Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment." *Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing FED. R. CIV. P. 55(b)(2)).

There are three steps to obtain a default judgment under the Federal Rules of Civil Procedure. *Nestor v. Penske Truck Leasing Co., L.P.*, No. 4:14-CV-036-DAE, 2015 WL 4601255, at *2 (W.D. Tex. July 29, 2015) (citing *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). First, a default occurs when a defendant does not plead or otherwise respond to a complaint within the time required by the Federal Rules. *N.Y. Life Ins.*, 84 F.3d at 141; *see* FED. R. CIV. P. 12(a). Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Finally, as in this instance, a plaintiff may apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2).

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted); *see AAR Supply Chain Inc. v. N & P Enters., LLC*, No. 3:16-CV-2973-L, 2017 WL 5626356, at *1 (N.D. Tex. Nov. 22, 2017) (quoting *Sun Bank*, 874 F.2d at 276) (explaining that default judgments "are available only when the adversary process has been halted because of an essentially unresponsive party") (internal quotation marks omitted)). While "[t]he Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments," this policy "is 'counterbalanced by considerations of social goals, justice, and expediency, a weighing process that lies largely within the domain of the trial judge's discretion.'" *Arch Ins. Co.*, 2013 WL 145502, at *2 (cleaned up) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). Rule 55(b)(2) grants district courts wide latitude in this determination, and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). And even though entry of a default judgment is reviewed for abuse of discretion, *Sindhi v. Raina*, 905 F.3d 327, 330 (5th Cir. 2018), because of "the seriousness of a default judgment, . . . 'even a slight abuse of discretion may justify

3

reversal." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 n.1 (5th Cir. 1992) (brackets omitted) (quoting *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 734 (5th Cir. 1984)).

## ANALYSIS

Bar-Z argues default is procedurally proper, the pleadings provide a sufficient basis to enter default judgment, and the relief it requests is appropriate (Dkt. #141). The Court will address each argument in turn.

### I. Whether Default is Procedurally Warranted

The Court must first consider whether a default judgment is procedurally warranted. In making such determination, the Court analyzes six factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Bar-Z argues these factors show default judgment is procedurally warranted.

#### A. No Issues of Material Fact Are Present

Because Rice failed to answer Plaintiff's Fifth Amended Complaint or otherwise appear, Rice admits Bar-Z's well-pleaded allegations of fact, except regarding damages. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, there are no issues of material fact.

#### B. Default Judgment Would Not Be Harsh or Result in Substantial Prejudice

Bar-Z failed to respond to the claims asserted in this matter. Further, Rice received ample notice of the suit, as the Court granted Bar-Z leave to file its Fifth Amended Complaint July 8, 2021, joining Rice individually as a defendant (Dkt. #127). Summons on Rice was returned

executed on January 28, 2022 (Dkt. #135). Taking the well-pleaded facts as true, Bar-Z has asserted valid causes of action. Bar-Z properly requested entry of judgment in his favor (Dkt. #139). Thus, a default judgment is not unusually harsh in this case as Rice had ample opportunity to respond after receiving notice of this action. *See Cunningham v. Crosby Billing Servs., Co.*, Civ. A. No. 4:18-cv-00043-ALM-CAN, 2018 WL 6424792, at *3 (E.D. Tex. Oct. 14, 2018). Moreover, because Rice's failure to file responsive pleadings "threatens to bring the adversary process to a halt," Bar-Z has experienced prejudice "in pursuing its rights afforded by law." *Ins. Co. of the West v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). Accordingly, the second factor supports a finding that default judgment is procedurally warranted.

### C. Grounds for Default Judgment Are Clearly Established

The record indicates that Bar-Z successfully perfected service of process on Rice (Dkt. #135). Nevertheless, Rice failed to respond to the Fifth Amended Complaint, the Request for Entry of Default, and the present motion. When a defendant's failure to respond is "plainly willful, as reflected by [a defendant's] failure to respond either to the summons and complaint, the entry of default, or the motion for default," then grounds for default are clearly established. *See Graham*, 2017 WL 2600318, at *2 (alteration original). Thus, the Court finds that the grounds for default against Rice are clearly established.

### D. Default Is Not Due to Excusable Neglect or Good Faith Mistake

Again, Bar-Z properly served Rice (Dkt. #135). Rice failed to respond, let alone offer evidence that his unresponsiveness is due to a "good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Further, nothing in the record indicates that Bar-Z has contributed

5

to the delay of this action or otherwise given the Court any reason to set aside default judgment.

Plaintiff, accordingly, has met the procedural requirements for default judgment.

## II. Pleadings Demonstrate Sufficient Basis for Default Judgment

After establishing default is procedurally warranted, the Court must determine if there is a sufficient basis for judgment. *Nishimatsu*, 515 F.2d at 1206. Although Rice is deemed to have admitted the allegations set forth in Bar-Z's Complaint in light of an entry of default, the Court must review the pleadings to determine whether the Complaint presents a sufficient basis for relief. *Lindsey*, 161 F.3d at 893. The Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu*, 515 F.2d at 1206). "Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted)).

Bar-Z brought claims against Rice for trade secret misappropriation under the Texas Uniform Trade Secrets Act, TEX. CIV. PRAC. & REM. CODE. § 134A.001 ("TUTSA") and the Federal Defend Trade Secrets Act, 18 U.S.C. §§ 1832, 1836(B)(3), along with tortious interference with a contract (Dkt. #120).

### A. Trade Secret Misappropriation

Bar-Z pleads facts sufficient to support its claims for trade-secret misappropriation under the DTSA and the TUTSA.

The DTSA provides that "[a]n owner of a trade secret that is misappropriated may bring a

civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). Accordingly, the elements of a DTSA claim are "(1) ownership of a trade secret that (2) has been misappropriated and that (3) relates to a product or service in interstate commerce." *Providence Title Co. v. Truly Title, Inc.*, 547 F. Supp. 3d 585, 594 (E.D. Tex. 2021). The elements of a trade-secret misappropriation claim under Texas law are similar. To recover for trade-secret misappropriation, a plaintiff must show: (1) existence of a trade secret; (2) breach of a confidential relationship or improper discovery of a trade secret; (3) use of the trade secret; and (4) damages. *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 366–67 (Tex. App.—Dallas 2009, pet. denied).

Here, Bar-Z alleges that it owns certain trade secrets, including its marketing materials, pricing information, source code and programming, and "application design, GUI, architecture and functionalities," that provide a competitive advantage in its business (Dkt. #120 ¶ 27). Bar-Z also alleges that it took reasonable measures to keep this information secret and revealed it to Patrick in confidence while he worked as an employee of for Bar-Z (Dkt. #120 ¶ 28). The Employment Agreement Patrick signed stated that this information is confidential and was not to be used or disclosed except for the benefit of Bar-Z (Dkt. #120 ¶ 40). Nonetheless, Patrick allegedly used and disclosed Bar-Z's trade secrets without its consent to help App Star develop competitive applications (Dkt. #1 ¶ 28).

These alleged facts, which are deemed admitted, are sufficient to "raise [Bar-Z's] right to relief above the speculative level" and provide "fair notice" to Rice, as the owner of App Star, of the trade-secret misappropriation claims against him. *See Wooten*, 788 F.3d at 498. Accordingly, a sufficient basis in the pleadings exists for entry of default judgment on Bar-Z's claims under the

DTSA and TUTSA for trade-secret misappropriation against Rice.

### B. Tortious Interference

In Texas, prevailing on a claim of tortious interference with an employment contract requires a plaintiff to prove (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was the proximate cause of plaintiff's damages; and (4) actual damage or loss occurred. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210 (Tex. 1996). To be actionable, the interference must be intentional, meaning "the actor desires to cause the consequences of his act, or that he believes that the consequences are substantially certain to result from it." *Sw. Bell Tel. Co. v. John Carlo Tex., Inc.*, 843 S.W.2d 470, 472 (Tex. 1992). The cause of action exists even if the employment contract is terminable at will. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 688 (Tex. 1989).

Bar-Z pleaded that Rice and App Star intentionally and willfully interfered with Bar-Z's Employment Agreement with Patrick without justification or excuse (Dkt. #120 ¶ 45). By continuing to use the trade secrets and confidential information Patrick misappropriated, Bar-Z alleged Rice and App Star interfered with Patrick's obligation to keep Bar-Z's information confidential and his obligation not to compete with Bar-Z (Dkt. #120 ¶ 45). Bar-Z asserts this interference has caused damage and will continue to cause damage to Bar-Z (Dkt. #120 ¶ 45). Therefore, Bar-Z has sufficiently pleaded its tortious interference claim against Rice.

### III. Form of Relief

Having concluded default judgment is appropriate, the Court must determine if Bar-Z's requested remedies are appropriate upon the entry of default judgment. Bar-Z requests a permanent injunction enjoining Rice from using distributing or disclosing in anyway any of Bar-Z's confidential and/or proprietary information and requiring the removal of all applications that

were developed based on Bar-Z's information from the Apple App store and/or Google Play and the deletion of all content (Dkt. #141 at p. 10). Bar-Z also requests $740,929.81 in actual damages, and exemplary damages that are twice the amount of actual damages (Dkt. #141 at pp. 10–11). Finally, Bar-Z requests $426,851.50 in attorney's fees (Dkt. #141 at p. 11). In support of its request, Bar-Z submits the Declarations of Daniel C. Bitting, a partner at the law firm representing Bar-Z, and Carrie Little, the Vice President and Chief Financial Officer of Bar-Z (Dkt. #141, Exhibits 32, 33).

In awarding relief, a court should generally not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, if the amount of damages is a "liquidated sum or one capable of mathematical calculation," a hearing is not required. *Id.* (citation omitted). *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Further, federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010).

Here, the Court finds that in accordance with Rule 55(b)(2), a hearing should be conducted with respect to damages. *See* FED. R. CIV. P. 55(b)(2)(B). At the hearing, the Court will hear argument and consider evidence on Bar-Z's request for damages under the DTSA and TUTSA. Further, Bar-Z shall also be prepared to present evidence and facts in support of its argument that Rice willfully violated the TUTSA, and, as such, Bar-Z is entitled to punitive damages. *See* TEX. CIV. PRAC. & REM. CODE § 134A.005(3). That said, the Court finds it appropriate to award the injunctive relief Bar-Z requests.

The Fifth Circuit favors permanent injunctions for most misappropriation of trade secrets cases. *See Metallurgical Indus. Inc. v. Fourtek, Inc.*, 790 F.2d 1195, 1208 (5th Cir. 1986). Under

the DTSA, "a court may grant an injunction to prevent any actual or threatened misappropriation . . . on such terms as the court deems reasonable." 18 U.S.C. § 1836(b)(3)(A)(i). The TUTSA likewise provides that "[a]ctual or threatened misappropriation may be enjoined if the order does not prohibit a person from using general knowledge, skill, and experience that person acquired during employment." TEX. CIV. PRAC. & REM. CODE § 134A.003(a).

Accepting the facts alleged here as true, a reasonable likelihood exists that Rice will engage in, or threaten to engage in, future misappropriation and dissemination of Bar-Z's trade secrets. To prevent such harm, Bar-Z is entitled to permanent injunctive relief. Accordingly, the Court will grant Bar-Z's request and enjoin Rice from using, distributing, or disclosing in anyway any of Bar-Z's confidential and/or proprietary information and requiring the removal of all applications that were developed based on Bar-Z's information from the Apple App store and/or Google Play and the deletion of all content. Consistent with the TUTSA, this injunction will not prohibit Rice from using general knowledge, skill, and experience that Patrick acquired during his relationship with Bar-Z. TEX. CIV. PRAC. & REM. CODE § 134A.003(a).

## CONCLUSION

It is therefore **ORDERED** Plaintiff's Motion for Entry of Default Judgment (Dkt. #141) is hereby **GRANTED in part**. Bar-Z is entitled to a default judgment against Rice on liability, but the Court declines to award damages until after a hearing is conducted.

It is further **ORDERED** that a hearing on damages is set for *9:00 a.m.* on *Wednesday, September 21, 2022*, at the *Paul Brown United States Courthouse, 101 E. Pecan Street, Sherman, Texas 75090.*

It is further **ORDERED** that Rice is permanently enjoined from using, distributing, or disclosing in anyway any of Bar-Z's confidential and/or proprietary information and requiring the

removal of all applications that were developed based on Bar-Z's information from the Apple App store and/or Google Play and the deletion of all content

    The clerk is directed to mail a copy of this Order to Defendant Eugene Rice at 5057 Keller Springs Road, Suite 300, Addison, Texas 75001.

    **IT IS SO ORDERED.**

    **SIGNED this 6th day of September, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE